PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AUREO OCASIO RIVERA, Defendant and Appellant.

No. 6579.   Argued December 1, 1937.—Decided December 3, 1937.

*Ismael Soldevila* for appellant.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The first assignment is that the district court erred in convicting defendant of adultery notwithstanding the fact that the complaint fails to state that defendant was married at the time of the offense and therefore did not state an offense.

The complaint stated that on May 29, 1936, in Mameyes, a Ward of Río Grande within the municipal district of Río Grande, part of the judicial district of San Juan, the defendant, Aureo Ocasio Rivera, unlawfully, wilfully and maliciously, being married to Carmen Camilo, had sexual intercourse with Sara Alonso. Defendant did not demur to the complaint. We cannot concur in the view that the complaint

failed to state that defendant was a married man at the time of the alleged offense.

Other contentions are: that the evidence was insufficient to sustain a judgment of conviction; that the district judge erred in weighing the evidence; that the testimony of Sara Alonso was not corroborated.

There was, we think, sufficient evidence to sustain a conviction. We find no error in the weighing of the evidence. The testimony of Sara Alonso, if corroboration was needed, was sufficiently corroborated notwithstanding the fact that there were no eye-witnesses to any act of sexual intercourse.

■ Section 269 of the Penal Code provides either fine or imprisonment as a penalty for adultery. Defendant herein was sentenced both to pay a fine and to serve a term in jail. Because of this error, the judgment must be reversed and the case will be remanded for a judgment and sentence in accordance with the terms of Section 269.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.